UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 31, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Denise R. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2243-BAH

Dear Counsel:

On February 3, 2022, Denise R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case, ECF 8, the parties' dispositive briefs, ECFs 12 and 14, and Plaintiff's reply brief, ECF 15. I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on September 23, 2019, alleging a disability onset of June 1, 2019. Tr. 199–207. Plaintiff's claim was denied initially and on reconsideration. Tr. 105–08, 110–14. On November 3, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41–73. Following the hearing, on January 12, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 20–40. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-

---

[1] 42 U.S.C. §§ 301 et seq.

*Denise R. v. Kijakazi*
Civil No. 22-2243-BAH
July 31, 2023
Page 2

step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 1, 2019, the alleged onset date." Tr. 25. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Multiple Sclerosis, Cervical Degeneration with Radiculopathy and Lumbar Radiculopathy." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "major depressive disorder and substance addiction disorder." *Id.* At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 27. Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 C.F.R. 404.1567(a) except occasional climbing ramps or stairs; no climbing ladders, ropes or scaffolds; no balancing; can kneel, crouch or crawl occasionally; is limited to frequent handling/fingering with left upper extremity; can have no more than occasional exposure to fumes/dusts/odors/gases/poor ventilation and other pulmonary irritants (33F indicates she has an albuterol inhaler), to extreme temperatures or vibration and must avoid hazards such as moving machinery and unprotected heights.

Tr. 28. After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff was unable to perform past relevant work as a "waitress, DOT# 311.477-030, light exertion and SVP 3; fast food worker DOT# 311.472-010, light exertion and SVP 2 and dining room attendant, DOT# 311.677-018, medium exertion and SVP 2," but could perform other jobs that existed in significant numbers in the national economy. Tr. 32–33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 33.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also*

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises one main argument on appeal: that the ALJ failed to support the RFC determination with substantial evidence. ECF 12, at 4–17. More specifically, Plaintiff contends that the ALJ erroneously: (1) failed to perform a proper function-by-function analysis, "as she never assessed the nature and extent of Plaintiff's alleged sitting limitations," and (2) failed to articulate a sufficient narrative discussion of how Plaintiff's severe impairments translated into the RFC determination that Plaintiff has the capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with specific limitations. *Id.* at 8–17.

Defendant counters that Plaintiff "overstates what is required to formulate a proper RFC assessment." ECF 14, at 6. Defendant argues that "the ALJ's analysis of the record evidence provided substantial evidentiary support for his conclusion that Plaintiff could sit for the six hours required for sedentary work." *Id.* Further, Defendant argues "remand is not required when the ALJ's RFC analysis includes the narrative discussion as required by SSR 96-8p and contains sufficient information to allow meaningful review[,]" as Defendant contends is the case here. *Id.* at 7 (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7; *Mascio*, 780 F.3d at 636-37; *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe*, 826 F.3d at 188). Pursuant to SSR 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 404.1545(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which she believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (holding that ALJ erred by ignoring significant evidence related to claimant's limitation on sitting and concluding that claimant was not restricted in her ability to sit) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must

both identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, Plaintiff testified that when "sitting on the couch watching TV, [she] sit[s] for maybe 30 minutes" until she cannot anymore and has to reposition "because of the discomfort in [her] back or [her] legs." Tr. 58. She "can't sit too long" and "can't lay too long." *Id.* Further, Plaintiff estimated that "[she] might be able to sit for a half hour or so and [she'll] start feeling pressure . . . Like that 1,000 pounds on [her] head. It feels like [her] spine is being crushed," which causes her to need to lay down for a significant time. Tr. 60–61. The VE testified that if a person with Plaintiff's RFC were further limited to sitting only four hours and standing or walking only two hours in an eight-hour workday, that person would be precluded from work. Tr. 70.

Despite these allegations and ample evidence in the record supporting Plaintiff's testimony described above, the ALJ here, similar to the ALJ in *Dowling*, failed to adequately support the RFC determination that Plaintiff is capable of performing sedentary work with an analysis describing the specific evidence supporting the ALJ's conclusion.[2] First, the ALJ does not appear to have evaluated Plaintiff's testimony regarding her ability to sit. *See* Tr. 29 (evaluating Plaintiff's testimony that "she has reported constant falls, bowel and bladder incontinence, wearing diapers, [and] using [a] rollator when out in the community"). While it is not necessary that an ALJ address every piece of a claimant's testimony, the ALJ erroneously ignored Plaintiff's testimony about her difficulty sitting, which is the central component of sedentary work and material to the disability determination in this case.[3] As such, the lack of relevant analysis in the ALJ's decision leaves me unable to determine whether substantial evidence supports the finding that Plaintiff has the RFC to perform sedentary work.

Nor does the rest of the ALJ's opinion elucidate how the ALJ reached the conclusion that Plaintiff could perform the prolonged sitting requirements of sedentary work. For example, the ALJ deemed persuasive the state agency medical consultant's finding that "the claimant is limited to sedentary exertion as defined in the regulation with occasional postural activities except no climbing ladders, ropes, or scaffolds." Tr. 31. In so concluding, the ALJ cited to a "note that [Plaintiff] can carry light objects with difficulty rising from a seated position." *Id.* Yet the ALJ failed to address how the ability to carry light objects while rising from a seated position translates into the ability to sit for prolonged periods of time. *Id.* Further, the ALJ's evaluation of Dr. Gul Chiblani's (Plaintiff's treating physician) Medical Source Statement does not provide the requisite

---

[2] The ALJ repeatedly referred to Plaintiff by the wrong pronouns, using he and him instead of she and her. Tr. 31–32. While this alone is not grounds for remand, the ALJ should take care to ensure Plaintiff is properly addressed as this matter moves forward.

[3] The regulations define "sedentary work" as that which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

explanation of Plaintiff's sitting limitations. Tr. 31–32. Dr. Chiblani opined that Plaintiff "can only sit for 1–2 hours in an 8-hour day," that Plaintiff's symptoms would "interrupt constantly," that Plaintiff's "fatigue is moderately severe," that Plaintiff "needs unscheduled breaks every hour," and that Plaintiff "would be absent three or more days per month." Tr. 32. The ALJ found Dr. Chiblani's Medical Source statement "is very limited and thus less persuasive" and "not consistent with the objective evidence of record." *Id.* However, the ALJ failed to provide any explanation of *how* Dr. Chiblani's conclusions are inconsistent with the record other than the observation that "there does not appear to be any treatment notes from Dr. Chiblani aside from some labs." *Id.* Without deciding whether the ALJ's evaluation of this medical opinion complies with the applicable regulations, it nonetheless fails to supply the "accurate and logical bridge" linking the evidence to the ALJ's conclusion that Plaintiff can sit for long periods of time. *Woods*, 888 F.3d at 694.

Finally, the ALJ's evaluation of Plaintiff's activities of daily living does not provide an adequate explanation of the evidence's relevance to Plaintiff's ability to perform sedentary work. Tr. 31. The ALJ acknowledged an episode of numbness and weakness in Plaintiff's legs, a symptom Plaintiff alleges hinders her ability to sit for long periods of time, but the ALJ discounted these symptoms because Plaintiff attributed the episode to the stress of planning Plaintiff's wedding, which eventually subsided. Tr. 30. The ALJ supported the RFC by noting Plaintiff's trips to the gym with her husband, as well as Plaintiff's ability to plan her wedding, drive, go out alone, shop, and handle financial matters. Tr. 30–31. While driving is a seated task that may inferentially relate to Plaintiff's ability to sit, the ALJ does not draw this inference, and nothing in the record suggests Plaintiff could sit and drive for the duration of a full workday. None of the other activities the ALJ noted, even going to the gym, are primarily seated activities.

In sum, the ALJ failed to "build an 'accurate and logical bridge'" between the evidence in the record, including Plaintiff's subjective testimony, objective medical evidence, opinion evidence, and Plaintiff's reported activities of daily living, and the conclusion that Plaintiff can perform sedentary work. *Woods*, 888 F.3d at 694. Based on the VE's testimony that further sitting and standing limitations would be work preclusive, "assessing [Plaintiff's] ability to sit is critically relevant to determining her disability status, as she likely would have been deemed incapable of performing sedentary work if the ALJ had found that . . . she was not able to sit for a prolonged period of time." *Dowling*, 986 F.3d at 389. "Because [I am] left to guess about how the ALJ arrived at" the conclusion that Plaintiff can perform the sitting requirements of sedentary work, "remand is necessary." *Mascio*, 780 F.3d at 637; *see also Donna M. v. Kijakazi*, No. BPG-21-153, at *2 (D. Md. Mar. 4, 2022), ECF 17 (remanding where the claimant's "ability to sit or stand [was] a material consideration in determining whether [the claimant could] work" and the ALJ found the claimant could perform sedentary work but failed to explain how the RFC accounted for the claimant's difficulties sitting or standing or otherwise explain why no such limitations were necessary).

Therefore, remand is required so that the ALJ can provide a more fulsome explanation of how the record evidence supports the conclusion on this issue. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not

*Denise R. v. Kijakazi*
Civil No. 22-2243-BAH
July 31, 2023
Page 6

entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge